IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


SANDRA JOHNSON,

        Plaintiff,

v.                                      Civil Action No. 5:09CV79
                                                         (STAMP)
J.C. PENNEY CORPORATION, INC. and
J.C. PENNEY PROPERTIES, INC.,

        Defendants.


                  **MEMORANDUM OPINION AND ORDER**
              **GRANTING PLAINTIFF'S MOTION TO REMAND AND**
              **DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**

                          I.  Background

    The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants, in which the defendants assert that federal jurisdiction is pursuant to 28 U.S.C. § 1332.  The plaintiff commenced this civil action in the Circuit Court of Ohio County, West Virginia, alleging that the defendants' negligent stringing of an electrical cord across a walkway in the store's salon caused the plaintiff to trip and fall resulting in a fractured arm.  Following removal of the action to this Court, the plaintiff filed a motion to remand to which the defendants filed an untimely response.  The plaintiff filed a reply.  For the reasons set forth below, the plaintiff's motion to remand is granted.

                        II.  Applicable Law

    A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise

original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### III. Discussion

A. Motion to Remand

In her motion to remand, the plaintiff asserts that this action must be remanded to state court because the defendants have failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

"The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." Hutchens v. Progressive Paloverde Ins. Co., 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002)(citing McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001)). Because this Court must review a motion to remand on the merits, in this case, this Court will consider the

original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### III. Discussion

A. Motion to Remand

In her motion to remand, the plaintiff asserts that this action must be remanded to state court because the defendants have failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

"The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." Hutchens v. Progressive Paloverde Ins. Co., 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002)(citing McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001)). Because this Court must review a motion to remand on the merits, in this case, this Court will consider the

defendants' untimely response to the motion to remand and the plaintiff's reply.  The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal.  Mulcahey, 29 F.3d at 151.  This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy.  When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount.  Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994).  In such circumstances, the Court may consider the entire record before it  and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  Id.

In this case, the plaintiff's complaint does not set forth a total monetary sum requested.  Rather, in her complaint, the plaintiff requests "an amount in excess of the jurisdictional amount of this Court, together with pre-judgment and post-judgment interests and costs, attorney fees and costs, and for such other relief, both general and special, as to the nature of the matter the Court deems meet and proper."  The defendants state that the amount in controversy is in excess of the jurisdictional minimum because the plaintiff is making claims for severe and disabling personal injuries, past and future pain and suffering, mental anguish, aggravation, inconvenience, the loss of enjoyment of life,

the loss of the ability to function, and past and future medical and other expenses. Moreover, the defendants claim that plaintiff's counsel failed to file a stipulation that the plaintiff would not accept or seek any judgment or verdict in excess of $75,000.00.

After careful consideration of the record in this case, this Court finds that the defendants have not met their burden of proof with regard to the amount in controversy. The defendants' removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal. See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000).

Here, the defendants have offered no competent proof or tangible evidence that the amount in controversy exceeds, or it is even highly conceivable that it will exceed, $75,000.00, exclusive of interests and costs. See Etchison v. Westfield Co., 2006 U.S. Dist. LEXIS 70574 (Sept. 26, 2006) (unpublished) (holding that federal diversity jurisdiction was properly based on evidence that the plaintiff was seeking pre-judgment interest, post-judgment interest, attorney's fees, costs on punitive damages, and made prior demands in the amount of $70,000.00 and $3 million). Further, because the burden of proof of jurisdictional amount is on the defendants, the plaintiff is not required to stipulate with her complaint that she will not seek or accept $75,000.00 or more at trial. Virden v. Altria Group, Inc., 304 F. Supp. 2d 832, 847 (N.D. W. Va. 2004) ("Therefore, absent a binding stipulation signed

by [the plaintiff] that he will neither seek nor accept damages in excess of $75,000, the Court must independently assess whether the defendants have proven by a preponderance of the evidence that Virden's complaint seeks damages in excess of $75,000."). The fact that the plaintiff did not enter into such a stipulation cannot be the basis for declining to remand. Considering all of the evidence, this Court finds that the defendants have not shown by a preponderance of the evidence that the plaintiff will recover damages in excess of the jurisdictional minimum. Therefore, the plaintiff's motion to remand must be granted. Nothing prevents, however, the defendants from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b).[1]

B. Attorney's Fees and Costs

In addition to a remand, the plaintiff asks that this Court award her the attorney's fees and costs associated with pursuing this motion. With respect to the award of attorney's fees and costs, the Fourth Circuit has found that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). This Court finds that such fees and costs are inappropriate in this matter because the

---

[1] Of course, the case may not be removed on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).

defendants asserted at least a colorable claim to removal jurisdiction in this Court. Accordingly, this Court finds that the plaintiff's request for an award of attorney's fees and costs should be denied.

IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. The plaintiff's request for attorney's fees and costs is DENIED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 9, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE